IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:14-CR-64 |
| GARETT LEE MOROTT, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 15, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

Garett Lee Morott was sentenced on April 7, 2015, before the Honorable Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Receiving a Firearm While Under Indictment, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Garett Lee Morott was subsequently sentenced to 21 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release plus special conditions to include financial disclosure, drug treatment and testing, mental health treatment, a $100 special assessment, and forfeit a Smith & Wesson Model 38, .38 caliber revolver. On July 13, 2016, Garett Lee Morott completed his period of imprisonment and began service of the supervision term. On September

30, 2016, this case was reassigned to U.S. District Judge Amos L. Mazzant III. On May 16, 2017, the defendant's term of supervised release was revoked for violations related to him possessing and using illegal drugs. He was subsequently sentenced to 12 months and 1 days of imprisonment followed by an additional term of supervised release of 2 years, which included the same conditions of supervision as were originally ordered.

On July 16, 2018, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 60, Sealed]. The First Amended Petition asserted that Defendant violated eight (8) conditions of supervision, as follows: (1) You must not commit another federal, state, or local crime; (2) You must not unlawfully possess a controlled substance; (3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; (4) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame; (5) After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (6) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Defendant shall pay any cost associated with the treatment and testing; (8)

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. Defendant shall pay any costs associated with the treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) On April 29, 2018, the defendant was arrested by McKinney Police Department, McKinney, Texas, for the offense of Evading Arrest Detention, Class A Misdemeanor. He was released on a Personal Recognizance bond on June 4, 2018. The defendant committed the offense of Theft >=$100<$750, a Class B Misdemeanor, in Farmers Branch, Texas, on April 4, 2018. He pled guilty before the court on June 22, 2018, and he was sentenced to 30 days jail time served. The defendant was arrested by McKinney Police Department, McKinney, Texas, on July 3, 2018, for Evading Arrest Detention with Vehicle or Watercraft, State Jail Felony. He is currently in the custody of the Collin County, Texas, Jail; (2) The defendant possessed a controlled substance by submitting a urine specimen on January 23, 2018, which tested positive for marijuana. He verbally admitted to using said substance; (3) The defendant submitted a urine specimen on January 23, 2018, which tested positive for marijuana. He verbally admitted to using said substance. Specimen was confirmed positive by Alere Laboratory, Inc.; (4) The defendant was released from the custody of Collin County Jail, McKinney, Texas, on January 13, 2018. He failed to report to the probation office within 72 hours of his release from custody; (5) The defendant failed to report to the U.S. Probation Office as instructed on February 14, 2018; (6) At the time of the April 29, 2018, arrest for Evading Arrest or Detention, the defendant was with Nolan Lamkin, who was arrested for Driving While License Invalid. The defendant committed the April 4, 2018, Theft offense with Gary Joe Dean; (7) The defendant failed to submit to drug testing as instructed on January 23, January 29, January 31, February 5, February 7, February 13, February 19, February 21, and February 26, 2018; and

(8) The defendant failed to attend mental health treatment at Fletcher Counseling, Plano, Texas, on February 11, 2018.

Prior to the Government putting on its case, Defendant entered a plea of true to all eight (8) allegations of the First Amended Petition. Having considered the First Amended Petition and the plea of true to all eight (8) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, to be served concurrently to any sentence imposed in state court, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 22nd day of January, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE